## POWELL vs. THE STATE.

Any employment of a slave about a retail grocery or dram shop, such as sweeping the house, rolling barrels, and bringing water, and the like, is sufficient to constitute the offence prohibited by *sec*. 20, *ch*. 169, *Gould's Digest*.

On the trial of an indictment for such offence, an instruction that if the jury find the defendant guilty, their discretion, in fixing the amount of the fine, was a legal discretion which they could not disregard; that it would be a wrong exercise of it to assess the highest damages for the least aggravated offence, and to assess the lowest penalty for the most aggravated offence, and to do otherwise would not accord with their oath as jurors, is neither contrary to law, nor calculated to mislead the jury, nor a usurpation by the court over the jury.

*Appeal from Crawford Circuit Court.*

Hon. JOHN M. WILSON, Circuit Judge.

THOMASON, for appellant.

HOLLOWELL, Attorney General, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Three counts of the indictment in this case were quashed, but the third was held to be good by the Circuit Court, and charged Powell with employing his slave John in a retail grocery, where ardent spirits were sold in quantities less than a quart.

To this count Powell pleaded not guilty, and on trial it was proved by two witnesses, that Powell and John W. Wallace kept a dram shop in Van Buren, in Crawford county, during the year previous to the finding of the indictment; that John was frequently in the dram shop, seeming to be kept about the house to bring water, sweep, go on errands, and the like, and that he frequently was sent to set out liquors to customers, and that they could not say whether John belonged to Powell or to Wallace.

By another witness the same facts of employment of John were proven, only that the witness had frequently seen John both serve customers, and receive the pay therefor; that he was frequently alone at the grocery in charge of it, and that he, frequently, or generally, slept in the grocery, as the witness thought; that he brought water, swept the house, would bring out Powell's horse, and appeared to be kept about the establishment to do anything Powell & Wallace wanted to have done; that John was a mulatto, reported to belong to Powell, and that witness had heard Powell claim him as his.

The court instructed the jury, that to establish the offence, it was sufficient to prove that the slave was employed in the grocery, and that such employment as sweeping the house, rolling barrels, and bringing water and the like, was sufficient to constitute the offence.

Although in this case the proof is positive, that the slave did more in the grocery than to sweep, bring water, roll barrels and the like, by helping customers to liquor, and the instruction might have been as broad as the facts, yet it was right. What is prohibited by the statute is the employment of a slave about the grocery, doubtless for the evil example to other negroes, and for the facilities thereby afforded to them to obtain liquor; and

any employment of a slave, by which he has, or may have access to ardent spirits, is within the mischief apprehended, and prohibition enforced by the act.

There was no error in this instruction.

The court also instructed the jury that if they found the defendant guilty, they would assess the fine at any sum between fifty and one hundred dollars; that in fixing the amount, they should be governed by the circumstances and aggravations of the offence; that this discretion in fixing the amount, was a legal discretion which they could not disregard; that it would be a wrong exercise of it, to assess the highest damages for the least aggravated offence, or to assess the lowest penalty for the most aggravated offence, and that to do otherwise would not accord with their oaths as jurors.

This instruction is the subject of vehement complaint by the counsel of Powell.

The court did not assume that Powell was guilty, with the least, or the most aggravation, or that he was guilty at all, and although the taste of the counsel is much shocked that the court should speak to the jury of what might be, or not, a violation of their oath, we do not think the instruction was illegal, or calculated to mislead the jury; and therefore the defendant is not entitled to any relief here on account of the instruction. Even if we thought the charge questionable in point of propriety, which we do not say, it would not be as much so, as for the court itself, on account of the charge, to be accused of extravagant language and dictatorial assumption.

By the verdict of the jury the defendant's fine was assessed at seventy-five dollars. He moved for a new trial because the verdict was against evidence and law, because the charge of the court was contrary to law, and a usurpation of the province of the jury. The motion was overruled, and he excepted, setting out the evidence, instructions and motion for a new trial, and appealed.

We have already decided that the instructions were not contrary to law, or calculated to mislead the jury, and we now

decide that there was no usurpation by the court over the jury, and that the verdict was not contrary to law and evidence, or either, and that the appellant take nothing by his appeal.